In re Kenneth J. SALINAS and Jane Ann Manning, Debtors.

Kenneth J. Salinas, Plaintiff–Appellee,

v.

United Student Aid Funds, Inc., Defendant–Appellant.

No. 99–C–668–S.

United States District Court, W.D. Wisconsin.

Dec. 7, 1999.

Valerie L. Bailey–Rihn, Madison, WI, for Plaintiffs.

Terrence J. Byrne, Byrne, Goyke, Tillisch & Higgins, Wausau, WI, for Defendants.

## ORDER

SHABAZ, Chief Judge.

On September 24, 1999 the United Student Aid Funds, Inc., appealed the September 15, 1999 decision of the United States Bankruptcy Court for the Western District of Wisconsin in the above entitled matter. Briefing has been completed pursuant to Bankruptcy Rule 8009 which governs the filing of briefs.

Debtor–Appellee Kenneth J. Salinas filed an adversary proceeding in the United States Bankruptcy Court for the Western District of Wisconsin seeking to discharge his student loan debt based on undue hardship under 11 U.S.C. § 523(a)(8). Trial was held on June 16, 1999 before the Honorable Thomas S. Utschig, United States Bankruptcy Judge. At the conclusion of the trial Judge Utschig ruled the debt discharged because of undue hardship.

## FACTS

The Court finds the following facts.

From 1989 to 1992 Kenneth Salinas attended the Illinois College of Optometry and owes approximately $68,694.49 in Health Education Assistance Loans (HEAL loans) to the Department of Health and Human Services and approximately $84,650.00 in student loans to the defendant United Student Aid Funds. Salinas failed to complete his optometry studies but has a bachelor of science degree in visual science.

Salinas is 41 years old, has a 6 year old son and is divorced. He is employed at Marathon Communications Media Group. His base salary is $31,600.00 plus car expenses at 31 cents per mile averaging $300.00 a month. In the future he can expect to earn a salary in the range of forty to fifty thousand dollars. His ex-wife is a practicing optometrist who received a salary of $82,696.00 in 1998 and expects to receive salary increases of three to four percent per year.

Salinas receives child support in the amount of $200.00 a month. In his divorce stipulation his wife was not required to pay him maintenance although he stayed at home and was the primary care-giver for his son from 1992 through 1998. His house is worth approximately $100,000.00 of which he has an equity of $25,000.00.

Salinas has a monthly income of $2531.00 after taxes and insurance. His monthly expenses are estimated at $3513.00 including a mortgage payment of $742.00 and a HEAL student loan payment of $750.00. He pays $200.00 a month for recreation and entertainment and $150.00 a month for attorney fees which will be paid shortly. He has $160.00 per month in car expenses and a monthly car payment of $376.00.

## MEMORANDUM

The United States Bankruptcy Court for the Western District of Wisconsin discharged the entire non-HEAL student loan debt ($84,650.00) concluding that repayment would cause Salinas undue hardship. Defendant United Student Aid Fund, Inc. contends that the Bankruptcy Court erred in holding that 11 U.S.C. § 523(a)(8)(B) required an "all or nothing" determination as to the dischargeability of student loans under the undue hardship test and that Salinas could not repay his student loan because of undue hardship.

■ Whether a debtor's circumstances meet the three-prong test for determining undue hardship for discharge of a student loan is a question of law subject to de novo review. *Matter of Roberson*, 999 F.2d 1132, 1137 (7th Cir.1993). The Bankruptcy Court's findings of fact are disturbed only if this Court finds they are clearly erroneous. *Id.*

11 U.S.C. § 523(a)(8) provides that the following is not a debt dischargeable in bankruptcy:

loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

■ The United States Seventh Circuit Court of Appeals adopted a three-prong test for determining whether undue hardship is present for purposes of discharging student loans under 11 U.S.C. § 523(a)(8).

*Matter of Roberson,* 999 F.2d at 1135. Undue hardship requires a showing that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loan; that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loan and that the debtor has made good faith efforts to repay the loan. *Id.*

 *Roberson* allows the Bankruptcy Court under 11 U.S.C. § 523(a)(8) to fashion a remedy which includes delayed or reduced payments because of undue hardship. The Bankruptcy Court erred in not applying this standard. The Court finds that undue hardship does not foreclose plaintiff's repayment of his entire student loan debt. It may, however, allow for a reduced or deferred payment.

First, upon the record the Court finds that Salinas has made a showing that based on his current financial situation he cannot maintain a minimal standard of living if forced to pay the entire student loan debt. His necessary expenses are not currently met by his income.

Secondly, plaintiff has not shown that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period. He is relatively young and healthy and has a steady job which he has held for eighteen months. He can expect to earn significantly more money as he gains more experience. He is debt-free except for his HEAL loans. Furthermore, his current expenses will be reduced with payment of his attorney fees.

 Finally, plaintiff has not made any good faith efforts to repay his loan. He failed to seek maintenance from his wife in the divorce proceedings although he had been the primary care giver of their child from 1992 to 1998 and has made only a $50.00 payment on these student loans.

 Plaintiff has not shown that undue hardship prevents him from making a reduced or deferred payment. Pursuant to *Roberson,* the Court finds that the United States Bankruptcy Court erred when it found that plaintiff's entire debt to the United States Department of Education was discharged because of undue hardship. *See* 11 U.S.C. § 523(a)(8). Accordingly, the September 15, 1999 order of the bankruptcy court will be reversed and remanded for a determination as to whether a deferred or reduced payment would cause Salinas undue hardship.

### ORDER

IT IS ORDERED that the September 15, 1999 order of the United States Bankruptcy Court is REVERSED and REMANDED to the United States Bankruptcy Court to determine whether a deferred or reduced payment would cause Kenneth J. Salinas undue hardship.